IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HUBERT, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL NUTRITION CORPORATION, <br><br> Defendant. | Civil Action No. 15-cv-01391-MRH |
| ROBERT BROOKS, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GNC HOLDINGS, INC. <br><br> Defendant. | Civil Action No. 15-cv-01424-MRH |
| CHRIS LYNCH, individually and on behalf of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL NUTRITION CORPORATION, <br><br> Defendant. | Civil Action No. 15-cv-001466-MRH |
| JEFF JOHNSTON, individually and on behalf of all other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL NUTRITION CORPORATION, <br><br> Defendant. | Civil Action No. 15-cv-01562-MRH |

| | |
|---|---|
| KYLE EAGER, individually and on behalf of all other persons similarly situated, | Civil Action No. 15-cv-01642-MRH |
| Plaintiff, | |
| v. | |
| GENERAL NUTRITION CORPORATION, | |
| Defendant. | |

**PRETRIAL ORDER NO. 1 CONSOLIDATING CASES
AND APPOINTING INTERIM CO-LEAD COUNSEL**

**I.     CONSOLIDATION OF CASES, FILING AND DOCKETING**

1. The above-captioned actions are deemed related and consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

2. The consolidation of these cases shall be without prejudice to the right of any party to apply for a severance of any claim or action.

3. A master Docket Number shall be deemed established for the consolidated proceedings in these actions and in any other cases filed in or transferred to this Court and consolidated herewith for pretrial purposes (hereinafter, "these consolidated actions"), at Docket No. 2:15-cv-1391 and entries in such master Docket shall be applicable to these consolidated actions as more fully set forth below. Separate docket numbers shall also be maintained as member cases for each of these consolidated actions, and entries shall be made therein only in accordance with the regular procedures of the Clerk of this Court, except as modified by the Court pursuant to this or other case management order.

4. All documents filed in these consolidated proceedings, or in any separate action included therein, shall be filed electronically through the ECF filing system and should bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HUBERT, individually and on behalf of all others similarly situated, : : : Plaintiff, : : v. : : GENERAL NUTRITION CORPORATION, : : Defendant. : (In re: GNC Picamilon/BMPEA Litigation) : | Civil Action No. 2:15-cv-01391-MRH  This Document Relates to: |

5. When a document is intended to be applicable to all of the actions to which this Order is applicable, the words "All Actions" should appear after the words "This Document Relates To:" in the caption set forth above, and the document should be filed at the master Docket Number only.

6. When a document is intended to apply only to some, but not all actions, this Court's docket number for each individual action to which the document is intended to be applicable and the last name of the named plaintiff in said action should appear immediately after the words "This Document Relates To:" in the caption as described above. Such a document shall be filed both at the master Docket Number and in the file of each individual action to which the pleading is intended to be applicable.

7. If any other case related to these consolidated actions is filed in this Court or transferred here from another court, the Clerk should:

  a. File a copy of this Order on the separate docket for the related case;

  b. Mail a copy of this Order to counsel for Plaintiffs in the related case;

  c. Mail a copy of this Order to counsel for each Defendant in the related case; and

  d. Make an appropriate entry at the master Docket Number.

3

8. The Court requests the assistance of counsel in calling to its attention any subsequently-filed action related to the above-captioned actions.

9. All proposed orders submitted to the Court should be entitled "Pretrial Order No. ___."

10. All proposed stipulations submitted to the Court should be entitled "Stipulation No ___."

## II. APPOINTMENT AND DUTIES OF INTERIM CO-LEAD COUNSEL

11. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints Shanon J. Carson of Berger & Montague, P.C. and Gary E. Mason of Whitfield, Bryson & Mason, LLP as Interim Co-Lead Counsel ("Co-Lead Counsel").

12. Co-Lead Counsel shall be generally responsible for conducting the prosecution of the above-captioned litigation on behalf of all Plaintiffs and any proposed class(es), and shall:

    a. determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial proceedings;

    b. coordinate and conduct discovery on behalf of Plaintiffs consistent with the Federal Rules of Civil Procedure, including the preparation of all written discovery requests and all depositions;

    c. be permitted to make reasonable and necessary work assignments to the other undersigned counsel, and to supervise the efforts of such counsel, in a manner to ensure that pretrial preparation for Plaintiffs is conducted efficiently, effectively and in a non-duplicative manner;

    d. establish procedures for the recording and collection of time and expenses, and maintain adequate time and expense records for all Plaintiffs' counsel;

4

   e. monitor the activities of all Plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and expenses are avoided, including the avoidance of unnecessary or duplicative communications;

   f. conduct any settlement negotiations on behalf of Plaintiffs and any proposed class(es);

   g. enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

   h. prepare and distribute periodic status reports to the parties;

   i. perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities; and

   j. establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served on Plaintiffs' counsel.

  13. Defendants' counsel may rely upon all agreements and representations made with or by Co-Lead Counsel.

  14. Reimbursement for attorneys' fees and expenses of all Plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. All time and expenses occurring after the date of this Order must be incurred only for work authorized by Co-Lead Counsel. Further, all time must be accurately and contemporaneously maintained. All of Defendants' rights relating to this are expressly preserved.

### III. <u>SUBSEQUENT ACTIONS</u>

  15. This Order applies to all subsequent actions related to this litigation and consolidated with it. A copy of this Order shall be served on counsel in all subsequent related actions by Co-Lead Counsel.

## IV. CONSOLIDATED COMPLAINT AND INITIAL DISCLOSURES

16. Defendants agree to accept service of all of the Complaints filed in the above-captioned cases, but need not respond to the existing Complaints. Co-Lead Counsel shall file a Consolidated Class Action Complaint by February 15, 2016, and Defendants' response shall be due by March 15, 2016. Upon its filing, the Consolidated Class Action Complaint will supercede the exiting Complaints, and will be the operative Plaintiffs' pleading.

17. Co-Lead Counsel and Defendants' counsel shall meet and confer pursuant to Rule 26(f) by January 15, 2016.

18. Initial Disclosures shall be served by all parties by March 1, 2016.

19. Counsel for Defendant's appearance at 15-1391 shall be deemed to apply to all consolidated actions, unless and until such counsel files a notice to the contrary.

Mark R. Hornak
United States District Judge

Dated: December 29, 2015

cc: All counsel of record

6